**Kenyon E. BRODY, Relator,**

v.

**SMK ENTERPRISES and Continental Western Insurance Company, Respondents.**

**No. C0–94–1496.**

Supreme Court of Minnesota.

Nov. 4, 1994.

Robert M. Maus, Baudler, Baudler, Maus & Blahnik, Austin, relator.

Arlen R. Logren, Mark J. Padgett, Castor, Klukas, Scherer & Logren, Minneapolis, for respondent.

## OPINION

PAGE, Justice.

The Workers' Compensation Court of Appeals reversed the compensation judge's order denying the employer/insurer's request for a post-hearing supplemental deposition of the employee's treating neurosurgeon. We reverse and remand.

On June 16, 1983, Kenyon E. Brody ("employee") sustained compensable back injuries while employed by SMK Enterprises. He was moving a heavy slate table when it slipped and landed on his head, "crunching his neck down and twisting it somewhat." SMK and its workers' compensation liability insurer, Continental Western Insurance Company, accepted liability and paid various benefits. In September 1986, the parties negotiated a settlement agreement to close out all claims except for certain medical benefits.

In November 1992, employee sought medical care at the Mayo Clinic following a significant worsening in neck symptoms. An EMG was taken and read negative. Employee was advised to take some Advil. In the middle of that night the employee called the Mayo Clinic doctor to report that Advil was not helping. An MRI subsequently showed a left-sided disc herniation at the C5–6 and what doctors thought was a noncalcified previously herniated disc at the left C–6 foramen. Surgery performed by Dr. Brian O'Grady on December 17, 1992, confirmed these findings. Dr. O'Grady felt "the bulk of Mr. Brody's problems" were causally related to his 1983 work injury.

Employer/insurer denied liability for the medical expenses incurred in connection with the surgery, and employee initiated proceedings to resolve the dispute. In September 1993, the parties conducted a "cross-examination" deposition[1] of Dr. O'Grady, who testified that the history upon which he relied for his opinions came from the employee and medical records at the Mayo Clinic. He conceded he had not reviewed certain medical records from other health care providers. After the deposition, the employee provided the doctor with the medical records to which the employer/insurer had referred. In a report dated January 7, 1994, Dr. O'Grady said he felt "even more strongly that [employee's] problem was in part related to the injury he sustained back in July, 1983."

At the hearing on the medical dispute, O'Grady's January 7, 1994, report was admitted over objection and the employer/insurer's request for a post-hearing deposition of the doctor was denied. The employer/insurer was ordered to pay the disputed medical expenses. On appeal, the WCCA reversed and remanded for rehearing, concluding that "principles of fairness and due process" required a second deposition of Dr. O'Grady. *Brody v. SMK Enterprises,* —— Workers' Comp.Dec. ——, slip op. at 4, (WCCA, filed June 23, 1994).

---

1. *See* Minn.Stat. § 176.155, subd. 5; Minn.Rule 1415.2200, subp. 2, C and E.

Minnesota Statute § 176.155, subdivision 5 (1994) provides that "[i]f a physician or health care provider is not available for cross-examination prior to the hearing and the physician's or health care provider's written report is submitted at the hearing, the compensation judge shall, upon request of the adverse party, require the physician or health care provider to testify at the hearing or to be present at a posthearing deposition for the purpose of being cross-examined by the adverse party." In *Jendro v. Brown Boveri Turbo Co.*, 355 N.W.2d 716 (Minn. 1984), we said that "[p]arties are, of course, entitled to procedural due process," and section 176.155, subd. 5 "affords adequate due process safeguards." *Id.* at 719. We conclude, however, that neither the statute nor principles of fundamental fairness require multiple depositions of physicians or health care providers who were not retained in anticipation of litigation. Parties are generally not entitled to discovery that is unreasonably cumulative, duplicative, or unduly burdensome, particularly where the party seeking discovery had ample opportunity to obtain the information sought. Furthermore, the administrative rule provides that "[i]f, during the course of the hearing, * * * a judge determines, on a party's or the judge's motion, that the appearance of the physician or health care provider is crucial to the accurate determination of the employee's disability," the hearing may be continued or the testimony obtained by oral deposition. Minn.Rule 1415.2900, subp. 3, C.

At the September 1993 "cross-examination" deposition of Dr. O'Grady, the employer/insurer had the medical records that prompted the supplemental report from the doctor, but they neither furnished the records to the doctor nor summarized the information contained in those records for purposes of cross-examination at that time.[2] They were also aware, at the time of the deposition, that the doctor was about to move

to Texas, nonetheless, employer/insurer did not request the appearance of the doctor at the hearing. They also failed to provide evidence as to causation by a physician of their own choosing to cast doubt on the opinion of Dr. O'Grady. Finally, the compensation judge's findings were grounded on the evidence as a whole. Therefore, under the circumstances, there was no abuse of discretion in disallowing a second deposition of the employee's physician. Stated another way, the compensation judge's implicit conclusion that a second deposition was not crucial to the determination of the employee's disability had ample support in the record.

We therefore reverse the decision of the WCCA and remand the matter for consideration of the employer/insurer's appeal on the merits.

Employee is awarded $400 in attorney fees.

---

2. In fact, when employee's counsel sought to question the doctor about certain medical records to which the employer/insurer referred, employer/insurer objected, stating it was "beyond the scope of cross-examination" and that they would "not be responsible for the cost of any questioning that is related to direct examination that is not in the scope of redirect." Again, when employee asked Dr. O'Grady if he would review the medical records to which employer/insurer referred and give another causation opinion, the employer/insurer objected to a supplemental opinion "as beyond the scope of any redirect and cross and beyond the scope of the deposition * * *."